## Gossage v. Gossage et al.

March 14, 1941.

J. P. Harrison and J. M. Kennedy for appellants.

E. Bertram and Randall Bertram for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The litigation of which this appeal is an aftermath was inaugurated by W. A. Gossage's administrator and certain of his heirs and resulted in substantial benefits to his estate. Gossage et al. v. Gossage's Adm'r et al., 281 Ky. 575, 136 S. W. (2d) 775.

In passing upon exceptions to the administrator's report of settlement, following the filing of our mandate on the former appeal, the Circuit Court allowed counsel for the unsuccessful litigants an attorney's fee of $600 to be paid out of the estate, but charged rental against certain of the original defendants who had received advancements, for the period from January 1, 1939, to the date of Mrs. Gossage's death, March 22, 1939. From the judgment allowing an attorney's fee to appellees' counsel, the administrator and the heirs who united with him as coplaintiffs have appealed; and from the judgment charging them with rent for the period mentioned the defendants so charged have been granted a cross-appeal.

We have refrained from reciting the facts which necessitated the institution of the original proceeding by the administrator, as they are fully set forth in our former opinion, a perusal of which will disclose the impropriety of the action of the Chancellor in requiring the estate to pay an attorney's fee to counsel for the unsuc-

cessful litigants. Certainly the estate was not benefited by their contumacy in insisting upon retaining valuable properties conveyed to them by their father without being charged therefor in the settlement of his estate. It is true that under certain circumstances one who prosecutes litigation which redounds to the benefit of others united with him in interest may be allowed his expenses, including counsel fees, out of the recovery. Kentucky Statutes, Section 489; Gernert et al. v. Liberty Bank & Trust Company et al., 284 Ky. 575, 145 S. W. (2d) 522. But we know of no authority holding that an heir who unsuccessfully defends an action instituted by the administrator or other heirs to bring into the estate property held adversely may require that the counsel fees incurred by him be paid out of the funds belonging to the estate. A full discussion of the applicable principles will be found in the case of Gernert et al. v. Liberty Bank & Trust Company et al., supra.

The portion of the Court's judgment relating to rents, from which appellees have prayed a cross-appeal, reads as follows:

"And upon the question of rental for the year 1939 up to and including the date of the death of the widow, Mrs. Ollie I. Gossage, it is adjudged that the administrator of the estate of Mrs. Ollie I. Gossage is entitled to collect from the defendant, Lisco Gossage, Bluford Gossage, and W. J. Gossage, such proportionate part of the rent for the year 1939 as the date elapsing between January 1, 1939, and the date of her death is of the whole year."

How these rents could be charged in the settlement of W. A. Gossage's estate is not apparent, since the shares of the named defendants were exhausted by the advancements made to them. Obviously, the appellees' liability for the payment of rents could not be determined in this action, since that liability, if it exists, is to the estate of Mrs. Gossage, whose administrator was not a party to the suit so far as the record discloses and is not a party to this appeal. Hence, the cross-appeal should not have been granted, and it is dismissed.

Judgment reversed.